IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

TDUARDO HEAD,

                    Plaintiff,

          v.                                                OPINION and ORDER

JOLINDA WATERMAN and                                        20-cv-522-jdp
MICHAEL KIMERLING,

                    Defendants.

---

Pro se plaintiff Tduardo Head is proceeding on Eighth Amendment claims against a nurse and health services manager at Wisconsin Secure Program Facility, based on Head's allegations that he was denied access to insulin needed to control his diabetes. The health services manager, Jolinda Waterman, has filed a motion to dismiss Head's claim against her for his failure to exhaust his administrative remedies. Dkt. 21. I will grant her motion and dismiss the claim against her without prejudice.

Also before the court is Head's motion to amend his complaint, Dkt. 26, and a proposed amended complaint, Dkt. 27, in which he seeks to revive claims against defendants I dismissed previously. I will deny the motion because Head has not pleaded facts sufficient to state a claim against any of the previously dismissed defendants.

ANALYSIS

A.  Exhaustion

A plaintiff who is confined in prison and who is challenging prison conditions must exhaust all available administrative remedies before filing suit in federal court. 42 U.S.C. § 1997e(a). This means that the prisoner must take all steps within the administrative process,

including filing initial grievance and necessary appeals. *Cannon v. Washington*, 418 F.3d 714, 718 (7th Cir. 2005); *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002); *Burrell v. Powers*, 431 F.3d 282, 284-85 (7th Cir. 2005). The purpose of these requirements is to give the prison administrators a fair opportunity to resolve the grievance without litigation. *Woodford v. Ngo*, 548 U.S. 81, 88–89 (2006).

To exhaust administrative remedies in Wisconsin, inmates must follow the inmate complaint review process set forth in the Wisconsin Administrative Code ch. DOC 310. A prisoner starts the complaint process by filing an inmate complaint with the institution complaint examiner. The inmate must "clearly identify the issue" about which he is complaining. Wis. Admin. Code § DOC 310.09(e). Depending on the complaint examiner's response, a prisoner may appeal immediately or may wait to receive a response from a reviewing authority. *Id.* § DOC 310.10. If an inmate disagrees with the decision of the reviewing authority, he may appeal to the corrections complaint examiner. *Id.* § DOC 310.12. The corrections complaint examiner then recommends a decision to the Secretary of the Department of Corrections, who adopts or rejects the recommendation. *Id.* § DOC 310.13.

In this lawsuit, Head is proceeding on the following two claims:

(1) In November 2017, defendant Michael Kimerling, a nurse in WSPF's health services unit, refused to provide Head insulin and other medical treatment despite Kimerling knowing that Head's blood sugar had spiked to dangerous levels and that Head had fainted multiple times; and

(2) defendant Jolinda Waterman, the health services unit manager, created and enforced policies that required insulin to be kept on a secure cart accessible only by

health services staff, resulting in inmates not receiving insulin when they needed it for emergencies.

The facts relevant to Waterman's motion are undisputed. Plaintiff filed four inmate complaints related to his claims in this case:

- In WSPF-2017-28335, Head complained that the health services unit did not provide him insulin on November 4, 2017. That complaint was affirmed by the reviewing authority with a recommendation to follow up with Head's health provider for a review of Head's diabetes care plan. The complaint was also affirmed on appeal. Dkt. 22-2.

- In WSPF-2017-28449, Head complained that he was not given insulin on November 4, 2017, and that he fainted and hit his head on a concrete wall. He also alleged that a nurse practitioner saw him on November 6 and did not treat him or acknowledge his concussion. He complained of migraines, blackouts, and blurry vision. The complaint was dismissed on the ground that Head had received care on November 6. The dismissal was affirmed on appeal. Dkt. 22-3.

- In WSPF-2017-28984, Head complained that on November 4 and 5, 2017, he fainted and injured his head because his blood sugar was too high, and he had not received insulin. The complaint was rejected on the ground that these issues were addressed in Head's previous inmate complaints. Head did not appeal the rejection. Dkt. 22-4.

- In WSPF-2017-32013, Head complained that Waterman and Nurse Practitioner McArdle lied to the inmate complaint department regarding his previous inmate complaint, WSPF-2017-28449. The complaint was rejected on

3

the ground that the issue had been addressed previously. Head did not appeal the rejection. Dkt. 22-5.

Waterman argues that none of these inmate complaints was sufficient to exhaust Head's claim against her. I agree. Head's claim against Waterman is based on Head's allegations that Waterman was responsible for policies and practices related to the management of insulin by the health services unit. An inmate's complaint is sufficient for exhaustion purposes if it provides notice to prison officials of "the nature of the wrong for which redress is sought." *Schillinger v. Kiley*, 954 F.3d 990, 995 (7th Cir. 2020) (citation omitted). Although Head filed four inmate complaints about being denied insulin and other medical care in November 2017, none of his claims addresses Waterman's creation and enforcement of policies regarding insulin management at WSPF. The claims also do not address his complaint that Waterman requires that insulin be kept on a secure medication cart accessible only by health services unit staff. Head did not mention Waterman or insulin policies in any of his complaints, aside from his allegation in WSPF-2017-32013 that Waterman lied about the treatment Nurse McArdle provided on November 6. Therefore, Head's complaints were not sufficient to exhaust his administrative remedies with respect to his claim against Waterman. I will grant Waterman's motion and dismiss Head's claim against her without prejudice.

## B.  Head's motion to amend his complaint

In the screening order, I denied Head leave to proceed on claims against Warden Gary Boughton and other health services staff members as defendants: Sandra McArdle, Beth Edge, A. Drone, and Jane/John Doe. Head's complaint contained no specific allegations about these defendants to suggest that they were involved in denying him insulin in November 2017 or that they were responsible for the policies that resulted in him being denied insulin.

4

In his proposed amended complaint, Head seeks to revive his claims against these dismissed defendants. But Head still has not included any allegations suggesting that these defendants were personally involved in denying Head insulin. Head accuses them generally of failing to ensure that he received insulin, but he does not identify any specific actions that these individuals took that resulted in his being denied insulin or that violated his rights in any other way. Therefore, I will deny Head's request to amend his complaint.

## ORDER

IT IS ORDERED that:

1.  Defendant Jolinda Waterman's motion for summary judgment, Dkt. 20, is GRANTED. Plaintiff Tduardo Head's Eighth Amendment claim against Waterman is DISMISSED WITHOUT PREJUDICE for Head's failure to exhaust his administrative remedies as to that claim before filing suit.

2.  Plaintiff's motion for leave to amend his complaint, Dkt. 26, and proposed amended complaint, Dkt. 27, are DENIED.

Entered February 1, 2021.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge